IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAM WESTRY,

    Petitioner,

v.                              Criminal No. 3:15CV62

ERIC C. WILSON,

    Respondent.

## MEMORANDUM OPINION

This matter is before the Court pursuant to Petitioner Sam Westry's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). Respondent has filed a Motion to Dismiss. (ECF No. 10.)

In the § 2241 Petition, Westry, a former federal inmate, contends that he "is being detained in federal custody beyond the statutory maximum permitted for a Title 18 U.S.C. § 922(g)(1) conviction, in violation of his right to due process under the Fifth Amendment to the United States Constitution." (§ 2241 Pet. 7.)[1] As relief, Westry requests that the Court "vacate the Title 18 U.S.C. § 924(e) statutory judgment and release" him. (Id. at 9.) Respondent asserts that Westry's § 2241 Petition should be dismissed "because (1) [Westry] has failed to show that the Section 2255 remedy is inadequate or

---

[1] The Court corrects the spelling and capitalization in quotations from Westry's submissions.

ineffective as required by Section 2255(e), and (2) because the Petition is moot." (Mot. Dismiss 1.) For the following reasons, Respondent's Motion to Dismiss (ECF No. 10) will be granted, and Westry's § 2241 Petition (ECF No. 1) will be dismissed for lack of jurisdiction.

## I. PROCEDURAL HISTORY

In 2005, the Court convicted Westry of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Westry, No. 3:04CR267, 2017 WL 2221714, at *1 (E.D. Va. May 19, 2017) (citation omitted). At sentencing, "the Court found Westry subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") and sentenced Westry to 180 months of imprisonment, with time served, and four years supervised release." Id. (citation omitted). Subsequently, the Court denied a 28 U.S.C. § 2255 motion filed by Westry. See United States v. Westry, 395 F. App'x 47, 47 (4th Cir. 2010).

On June 22, 2016, Westry filed a successive motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") with this Court. Westry, 2017 WL 2221714, at *1 (citation omitted). On July 7, 2016, the United States Court of Appeals for the Fourth Circuit granted authorization for Westry to file his successive § 2255 Motion.

Id. (citation omitted). In his § 2255 Motion, Westry argued that, "in light of Johnson v. United States, 135 S. Ct. 2551 (2015),[2] he was improperly sentenced as an Armed Career Criminal because his convictions for Virginia burglary no longer qualify as predicate 'violent felonies' under the ACCA's force, enumerated, or residual clauses." Id. (citation omitted).

By Memorandum Opinion and Order entered on May 19, 2017,[3] the Court granted Westry's § 2255 Motion, concluding that Westry's "convictions for burglary and statutory burglary may have rested on the now-void residual clause of the ACCA." Id. at *2. The Court reduced Westry's sentence to 120 months of incarceration, with time served, and three years of supervised release. Id. at *3. Because Westry had already served the reduced 120 months sentence, the Court ordered that he be immediately released from home confinement. Id.

## II. ANALYSIS

A motion made pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such a motion must be filed

---

[2] In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Johnson, 135 S. Ct. at 2557.

[3] As of May 17, 2017, Westry was on home confinement. Westry, 2017 WL 2221714, at *1.

with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

Here, Westry clearly cannot demonstrate that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective. Westry received permission from the Fourth Circuit to file his successive § 2255 Motion. Westry, 2017 WL 2221714, at *1. On May 19, 2017, the Court granted Westry's § 2255 Motion, reduced his sentence to 120 months of incarceration, and ordered that he be immediately released from home confinement. Id. at *3. Because Westry received the relief he now seeks by pursuing a

successful § 2255 Motion, he fails to satisfy In re Jones, and the Court lacks jurisdiction to consider his § 2241 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be granted. Westry's § 2241 Petition (ECF No. 1) and the action will be dismissed for want of jurisdiction.

The Clerk is directed to send a copy of the Memorandum Opinion to Westry and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 30, 2017
Richmond, Virginia

6